Filed 1/30/14  Dastmalchi v. OOC CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MOHAMMAD DASTMALCHI,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>OOC, INC., et al.,<br><br>      Defendants and Respondents. | A137029<br><br>(Alameda County Super. Ct.<br> No. RG09489286) |

Mohammad Dastmalchi brought several causes of action against defendants Yavor Trandev, Julio Rodriguez, and OOC, Inc. (OOC) in the Alameda County Superior Court. They were based on his allegations that, while working for OOC, he was assaulted by Trandev and Rodriguez, who were acting within the scope and duties of their employment with OOC, resulting in his physical injury and termination of employment. Dastmalchi appeals from the judgment in favor of defendants, entered after a jury trial verdict against him.  We affirm the judgment because Dastmalchi has not provided a sufficient record to overcome the presumption that the judgment is correct.

## BACKGROUND

Dastmalchi elected to designate and file with this court pursuant to California Rules of Court, rule 8.124, a two-volume appendix, which he describes as a "trial court clerk's transcript."  It contains a mass of documents that appear to have been filed with the trial court, but which are not identified by indices required by our local rules (Cal. Rules of Ct., rules 8.124(d)(1), 8.144(b)(1)), are not separated by any dividers, and appear, at least in some instances, to be out of order.  Dastmalchi did not designate that a

1

reporter's transcript be included in the record. We summarize the pertinent facts and proceedings that we can determine from this limited and confusing record.

In December 2009, Dastmalchi, represented by counsel, filed his complaint against defendants. He alleged causes of action against all three for battery, infliction of emotional distress, and violations of Civil Code sections 51.7, 52.1, and Government Code section 12940 et seq. (for harassment). He alleged additional causes of action against OOC for violations of Government Code section 1290 et seq. (for discrimination and retaliation), and Labor Code section 1102.5.

Dastmalchi alleged the following facts in support of his causes of action: In August 2008, Dastmalchi, Persian, Muslim, and born in Iran, was a pizza delivery employee of OOC, doing business as Extreme Pizza, in Berkeley, California. Trandev and Rodriguez were also employed there, as a senior delivery person and a manager respectively. In the course of his employment, Dastmalchi was repeatedly called "Mo" instead of his full name, Mohammad, despite his repeated requests that he be called by his full name, which is also the name of the prophet Mohammad, a revered figure in the Muslim religion.

Dastmalchi further alleged that an incident occurred on August 29, 2008, that resulted in his physical injury. He was reprimanded that day by Trandev for placing a piece of paper with his name, "Mohammad," into the sleeve of an insulating pizza delivery bag. He removed the paper and placed it into the sleeve of another bag, which Trandev tried to forcibly remove from his hands. Rodriguez then restrained Dastmalchi while Trandev punched and slapped him in the head and chest, causing Dastmalchi to suffer a fractured nose, difficulty breathing, hearing loss, and an irregular heartbeat. None of the defendants took any steps to allow him to receive immediate medical attention. He was forced to remain at work for hours after the assault, but he eventually sought medical attention at Alta Bates Hospital in Berkeley later that day.

According to Dastmalchi, Rodriguez falsely claimed Dastmalchi provoked the attack by shoving Trandev, although Trandev admitted otherwise to Rodriguez. OOC terminated Dastmalchi's employment without good cause after he reported the attack to

2

the police.  OOC management told him he was terminated after headquarters instructed that both he and Trandev be fired.  OOC also denied his application to become a manager despite his experience and qualifications.  Dastmalchi was informed and believed that defendants perceived him to be an Arab, and that his race, religion, and national origin were substantial factors motivating them to take their wrongful actions against him.

In June 2012, a jury trial was conducted.  The jury found against Dastmalchi on all causes of actions.[1]  As to Dastmalchi's battery claims, the jury rejected his contentions that either Trandev or Rodriguez touched him with the intent to harm or offend him.  The jury also rejected his claims that the two were acting in the course and scope of their employment with OOC.  Judgment was entered in favor of defendants, from which Dastmalchi timely appealed.

Dastmalchi, acting in propria persona, filed a notice designating his record of appeal, in which he elected to use an appendix and to proceed without a record of the oral proceedings in the superior court.  In doing so, Dastmalchi indicated, "I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceeding in determining whether an error was made in the superior court proceedings."

Subsequently, still acting in propria persona, Dastmalchi filed in this court a motion to augment the record with a reporter's transcript, which we denied.  When he attempted to file the reporter's transcript with his opening brief, defendants filed a motion to strike the reporter's transcript.  We treated his submission as a motion for reconsideration of our prior order, denied the motion, and denied defendants' motion because the reporter's transcript was not filed.  Accordingly, the only record before us is Dastmalchi's two-volume appendix.

---

[1] Defendants contend the trial court granted Trandev's motion for summary judgment regarding all but the battery and infliction of emotional distress causes of action against him.  Defendants cite to motion papers in the record, but not to a court ruling.  Regardless, the court's ruling is not pertinent to our determinations here.

Dastmalchi, still acting in propria persona, filed an opening brief. Later, he retained counsel, who filed a renewed motion to augment the record on appeal, which we also denied. His counsel then filed a reply brief on his behalf.

## DISCUSSION

Dastmalchi argues the trial court prejudicially abused its discretion in three evidentiary rulings. That is, the court erred by excluding testimony from a physician's assistant at the Alta Bates Hospital emergency room who examined him on the day of the incident, diagnosed that he had a nasal fracture, and treated him; ordering that medical records be redacted to eliminate all references to the diagnosis that Dastmalchi had a nasal fracture; and excluding evidence of the radiology report that confirmed the physician assistant's diagnosis was correct.

Dastmalchi also argues the defense verdict was not supported by substantial evidence. Specifically, there was evidence that Trandev punched Dastmalchi, and no competent evidence that Dastmalchi's nasal fracture was caused by anything other than a punch from Trandev or that Dastmalchi shoved Trandev. Furthermore, OOC did not investigate his charge of discrimination and fired him because he complained to the police.

We note at the onset the black-letter rule that "[w]hen a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]. Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639, followed in *County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.) We consider Dastmalchi's appellate claims with these rules in mind and conclude that we must reject them because, as defendants argue, he has not provided a record from which we can examine his contentions and arguments.

The "cardinal rule of appellate review" is that appealed judgments and orders are correct. *(Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*), citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will

4

be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error. [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' " (*Foust*, at p. 187; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)

Dastmalchi does not direct us to anything in the record, nor have we found anything, referring to the trial court's evidentiary rulings that are the basis for Dastmalchi's first category of claims. Similarly, we have no record from which to evaluate whether or not there was substantial evidence presented at trial to support the jury's verdict. His counsel argues in his reply brief that, although the submitted record is sparse, we may glean from it, along with the exhibits lodged with this court, that the trial court committed prejudicial error, including by excluding testimony from the physician's assistant and the evidence of the radiology report. This is simply not the case. We have nothing before us sufficiently establishing what the trial court excluded or why it may have done so. Therefore, we are required to resolve Dastmalchi's appellate claims against him. (*Foust*, *supra*, 198 Cal.App.4th at p. 187.)

We have no need to further address the issues debated between the parties. We note only, without deciding the matter, that the exhibit 15 lodged by Dastmalchi with this court, which apparently was admitted into evidence at trial, contains the contents of an emergency room note by the Alta Bates Hospital physician's assistant referred to by Dastmalchi, made on the day of the incident. It indicates that Dastmalchi appeared to have a subtle, nondisplaced nasal fracture, and that radiology was pending. This evidence was before the jury in rendering its defense verdict. Even given Dastmalchi's contention that the trial court's evidentiary rulings undermined the usefulness of this

5

exhibit to his case, if this note was put before the jury, it is more likely than not that, were there any error by the trial court in its evidentiary rulings, we would conclude it was harmless.

## DISPOSITION

The judgment is affirmed.  Defendants are awarded costs of appeal.

_____
Brick, J.*

We concur:


_____
Haerle, Acting P.J.


_____
Richman, J.


* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7